IN THE MATTER OF ORREN LEWELLEN ON HABEAS
CORPUS.

*Witnesses in criminal cases—Detention in default of bail.*

1. While the power of the proper court under How. Stat. §§ 9472,
   9473, 9475, as modified by How. Stat. § 9453, to detain wit-
   nesses upon a proper showing, to testify on behalf of the
   people in a criminal case, is undoubted, such showing should
   in all cases be made, and the witnesses given a hearing, and
   an opportunity to be heard, before commitment.
2. Witnesses who are committed in default of bail for their appear-
   ance to testify on behalf of the people in a criminal case must
   be regarded as "prisoners held upon civil process," within the
   meaning of How. Stat. § 8941, which provides that on no pre-
   tense whatever shall prisoners (held) on civil and criminal
   process be put or kept in the same room.[1]

*Habeas corpus* proceedings.   Argued March 5, 1895.
Petitioner discharged March 7, 1895.

A writ of *habeas corpus* was directed to the sheriff of
Kent county to inquire into the cause of the imprison-
ment and detention of petitioner. From the return it
appeared that upon *ex parte* affidavits the judge of the
superior court of Grand Rapids made an order that
petitioner enter into a recognizance before the judge of
the police court, in such sum as said magistrate should
require, and with sureties to be approved by him, for the
appearance of petitioner at said police court at a certain
time to give evidence on the part of the people upon the
examination of one Macard, held on a charge of perjury;

---

[1] See *Robinson v. Judge of Recorder's Court*, 94 Mich. 471,
holding that a witness so committed must be held to have been
in attendance upon the court during the time of his commitment,
and is entitled to the fees allowed by law to witnesses for the
people in criminal cases.

that, pursuant to such order, and on the same day, the police judge entered an order determining the amount of the recognizance, and providing that, in default of giving the same, petitioner be committed to the county jail until such recognizance should be given, or until the determination of said prosecution, or until discharged according to law; that petitioner was at once brought before such judge, and, on failure to comply with the order, a warrant of commitment issued forthwith, by virtue of which warrant, and of others since issued in continuation thereof, and based upon similar proceedings, petitioner had been imprisoned in the county jail for a period of five months.

How. Stat. §§ 9472, 9473, 9475, authorize an examining magistrate to bind by recognizance all material witnesses against the prisoner to appear and testify, and, if satisfied by due proof that there is good cause to believe that any such witness will not perform the condition of his recognizance unless other security be given, to order the witness to recognize, with one or more sureties, for his appearance at court, and, on the refusal of any witness so to recognize, to commit him to prison, there to remain until he complies with the order or is discharged according to law. These provisions were modified by section 9453, which provides that it shall not be necessary in any criminal case for any witness to give bail for his appearance as a witness in such cause unless required to do so by the order of a judge of a court of record or a circuit court commissioner. The proceedings taken in this case were sought to be justified under the foregoing statutory provisions.

*Nathan P. Allen,* for petitioner.

*Alfred Wolcott,* Prosecuting Attorney, for the people.

PER CURIAM. The petitioner must be discharged. We

have no doubt of the power of the proper court to detain witnesses upon a proper showing, but such showing should in all cases be made, and the witnesses given a hearing, and an opportunity to be heard, before commitment. In the present case petitioner has not been accorded an opportunity to refute the showing made by affidavit or to be heard respecting the matter.

Complaint is made that the petitioner has been confined in the same apartments with persons charged with crime. Section 8941, How. Stat., provides that—

"Prisoners arrested on civil process shall be kept in rooms separate and distinct from those in which prisoners detained on a criminal charge or conviction shall be confined, and on no pretense whatever shall prisoners on civil and criminal process be put or kept in the same room."

Persons detained as witnesses must, we think, be regarded as persons held upon civil process, and must be so treated in this respect.